## Consolidated Oil Well Packer Co., Ltd., *v.* Jarecki Mfg. Co., Ltd.

*Patents—Accounts—Estoppel—Costs in equity.*

The owners of a patent licensed another to sell it at the rate of forty dollars for each article sold. Difficulties arose between the parties, and the licensors notified the licensees that the license was revoked. The licensors then began selling the article at twenty-five dollars. The licensees notified the licensors that they did not acquiesce in the revocation of the license, and they considered that the act of the licensors in selling the article at twenty-five dollars authorized them to sell it also at that rate. To this notice the licensors made no reply. On a bill for an account it was decided that the licensors were not justified in revoking the license. *Held:*

1. That the licensees were only obliged to account at the rate of twenty-five dollars for each of the articles sold.

2. That the licensors were bound to account to the licensees for the profits on the articles sold by them.

3. That the costs should be equally divided between the parties.

Argued May 2, 1893. Appeals, Nos. 336 and 340, Jan. T., 1893, by plaintiff and defendants, from decree of C. P. Warren Co., March T., 1884, No. 49, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Bill in equity for account. Before NOYES, P. J.

The case was referred to James O. Parmlee, Esq., as master, who found the following facts:

"1. On the first of March, 1879, H. H. Doubleday, Lyman Stewart, W. L. Hardison, R. R. Armour and the Jarecki Manufacturing Company, Limited, formed a joint stock company under the laws of Pennsylvania authorizing limited partnerships, under the name of the Consolidated Oil Well Packer Company, Limited, for the purpose of manufacturing and selling oil-well packers, and licensing others to manufacture and sell the same. The interests of the original partners are now vested in the plaintiffs in this suit. The capital stock of the association was $50,000, and was paid in full by each member contributing certain letters patent owned or controlled by him at an agreed valuation, the whole aggregating the said amount.

"2. On the 5th of April, 1879, a contract was entered into between the Consolidated Oil Well Packer Company, Limited,

and the Jarecki Manufacturing Company, Limited, which was in substance a license by the former to the latter to manufacture and sell oil-well packers at $40.00 each, out of which the licensee should first deduct $9.00 for cost of manufacture, and 10 per cent for expense of selling, and should then from the balance deduct the licensor's bills or requisitions on them for expenses of litigation and advertising, and remit the balance to the licensors, less 27½ per cent thereof, retained for themselves.

" 3. The licensors substantially complied with their undertakings in said contract, but on account of alleged violations thereof by the licensees, in due form notified them on the 18th of August, 1880, that said license was revoked.

" 4. The defendants refuse to acquiesce in this revocation of the license, and still continue to manufacture and sell packers under the patents of Consolidated Oil Well Packer Company, Limited, but have not accounted to the licensors since September 1, 1880.

" 5. By the said contract the defendants were granted the exclusive right to manufacture and sell packers in the United States, except that the licensors reserved the right to annually manufacture and sell 10 packers in the state of California.

" 6. Soon after this attempted revocation, the licensors began to manufacture and sell packers in the ' oil country,' and abrogated that clause of the license which fixed the price of packers by advertising them for sale at a lower rate ($25.00) without the consent of the licensees.

" 7. The master finds the said contract or license to be still in force between the parties, with the exception of that clause fixing the price of packers at $40.00."

Upon these facts, the master recommended: (1) That defendants should account to plaintiffs for oil well packers manufactured and sold by the defendants since Sept. 1, 1880, on the basis of $25.00 received by them for each packer. (2) That both plaintiffs and defendants be required to submit all their books, papers and accounts needful to ascertain and state an account between them. (3) That the case be referred to the same or another master to state such account in accordance with the findings of the master.

Exceptions to these recommendations by the master were sustained by the court, and BROWN, P. J., entered a decree

dismissing the bill on the ground of want of jurisdiction. The 3d exception was that " the master erred in determining that the liability of defendants was only for the price at which defendants sold said packers instead of the contract price." On appeal to the Supreme Court, the decree of the lower court was reversed, in an opinion by Mr. Justice GREEN. The decree of the Supreme Court was as follows : "The decree of the court below is reversed at the cost of the appellees, and the record is remitted for further proceedings in accordance with the decree recommended by the master. See Oil Well Packer Co.'s Ap., 128 Pa. 421.

When the record was returned to the court below, the Jarecki Manufacturing Co., by its attorneys, applied to the court for leave to file an amendment to its answer, and in granting leave the court, BROWN, P. J., made this order: "And now, to wit: July 28, 1890, parties appear by counsel and the court grants the following amendment to be filed nunc pro tunc, and treated as paragraphs 22 and 23 of and as part of defendant's original answer to complainant's bill filed in said case, and that the evidence heretofore taken in said case shall have the same force and effect as though the same had been taken after granting and filing of this said amendment, but that either party shall have the right to take such further testimony as they desire : "

" 22. That this respondent further answering to said bill of complainant saith : That it never made and sold any oil well packers, or any other devices under said alleged contract except the device referred to and designated in said alleged contract as the ' Armor Packer;' and that, among the letters patent named in said alleged contract [certain patents enumerated], were the only letters patent under which any of said oil well packers were made, and that none of the features described and claimed in the other letters patent named in said alleged contract have been involved, or embodied in any of the oil well packers or other devices manufactured and sold by respondent company since the making of said alleged contract.

" 23. This respondent further answering to said bill of complaint saith : That the complainants have notoriously violated the provisions of said alleged contract of April 5, 1879, by manufacturing and selling oil well packers in violation to the rights

of defendant under the provisions of said contract, the defendant was greatly damaged thereby, and that should the court order and decree an accounting on the part of the defendant, then defendant alleges that the plaintiff should also be decreed to account for the oil well packers manufactured and sold by them in violation of the terms and conditions of said alleged contract, and that the same, together with the damages caused to the defendant thereby, and by the alleged interference by plaintiffs with defendant's trade and business in making and selling oil well packers under said alleged contract, should be recouped from any amount found to be due from the defendant on such accounting."

The case was referred to the same master to state an account In doing so he charged defendants $40.00 per packer, but credited them with 27½ per cent of the proceeds of plaintiff's sales of packers.

Exceptions to the master's report were sustained in an opinion in part as follows, by NOYES, P. J.:

" The contract fixes the price at which packers may be sold by the defendant at $40.00 each, subject to modification by agreement of the parties in writing. The defendant was at first authorized to make and sell a certain number of packers at a reduced price. This number was exhausted about the time of the difficulties which led to the attempted forfeiture of the license, and the defendant then advanced the price to $40.00, but was unable to sell any, as infringers were openly selling packers at less prices, and the plaintiff itself went into the business of manufacturing and selling packers ; advertised in the newspapers offering them at $25.00, and warning the public that the license to the defendant had been terminated, and that it, as well as others, were infringers. Thereupon the defendant wrote to the plaintiff notifying it that it should consider its public announcement as authority to it to sell packers at $25.00 each, and to account as in cases heretofore, when authorized to sell packers at $25.00. To this notice the plaintiff appears to have made no reply. Upon these facts the master found that the provision of the contract fixing the price had been abrogated by the acts of the parties, and that the account should be taken not at the contract price of $40.00, but at the price at which the defendant actually sold packers.

The plaintiff claims that this finding was overruled by the court in sustaining the plaintiff's third exception, and the master, taking that view of it, has regarded himself as bound, against his own judgment, to adopt the contract price of $40.00, although the defendant did not realize so much from any, and some were 'Pony' packers, which sold in the market for $6.00 or $7.00 each. That the adoption by the master of the prices at which defendant sold packers as the basis for the accounting was overruled cannot be doubted, and it is plainly erroneous, unless the account is upon the partnership basis, which it is not. But we do not think the sustaining of the exception necessarily involves affirmation of the last clause which implies, rather than declares, that the contract price should have been adopted. In the absence of any comment or explanation from the court, we feel confident that the learned judge by whom the order was written intended no more than to declare that the standard proposed by the master was erroneous, without more. At the time the exception was sustained the bill was dismissed, which made it a matter of little moment, and it naturally did not receive the same critical attention which he bestowed upon the question upon which he ruled the case finally. We feel at liberty, therefore, excluding from consideration the measure furnished by the sales of the defendant, which could not itself fix prices under the contract, to sustain the learned master's finding that the acts of the parties had abrogated, for the time at least, the price fixed by the contract, and to determine what the price should be. The real question seems to us to be whether the plaintiff shall not be treated as having acquiesced in the sale of packers by the defendant at the prices which it established in the market by its own wrongful sales of the same articles. If, as we are required to hold, this contract was in force, and the defendant is liable to account to the plaintiff for all packers made and sold by it; and if, as the learned master has found, the plaintiff, in violation of the exclusive license, which was the sole consideration for the defendant's covenants, entered into destructive competition with its own licensee, and forced it to sell packers at prices much below the contract price, or retire from business, it certainly would be grossly inequitable to require the defendant to pay the contract price. The contract provided for changes

in the selling price by writing, but the parties were competent to change it, or any other provision of the agreement, by parol. The defendant notified the plaintiff that it should regard its public advertisements as authority to change the price, and the plaintiff remained silent, while the defendant acted upon that assumption.    We think, as the master did, that it must be regarded as consenting.    This conclusion is strengthened by the consideration that if the defendant is held liable to pay the contract price, the loss sustained by being forced by the acts of the plaintiff to sell at lower prices would be a legitimate element of damage, to be recouped against the plaintiff, and thus, indirectly, the same result would be attained.    We are therefore of opinion that the learned master was in error in supposing himself required by the orders of this court to charge the defendant at the rate of $40.00 for each packer, and that the price charged should be that established in the market at the time when the sales were made by the plaintiff."

The account was restated by the master in accordance with the opinion of the court, allowing for the actual cost of manufacture in each case.

Exceptions to the master's final report were overruled, and a decree entered ordering the defendant to pay to the plaintiff the sum of $7,085.35, with interest thereon from Dec. 15, 1892, date of auditor's report, less one half the costs of suit.

*Errors assigned* by plaintiff were, inter alia, in overruling plaintiff's exceptions that the master erred in not charging defendant for each packer sold at the rate provided by the contract, in charging plaintiff with any sum as profits received by it on sale of the packers, and in not imposing on defendant the entire costs, and in imposing any costs on defendant.

*Error assigned* by defendant was, inter alia, in overruling defendant's exception that the master erred in compelling defendant to account to plaintiff for packers sold after August 18, 1880.

*Samuel T. Neill,* for The Consolidated Oil Well Packer Co., Ltd., cited : Walker on Patents, 309 ; Union Mfg. Co. v. Lounsbury, 41 N. Y. 363 ; Clark v. Adie, L. R. 2 Ap. Cas. 423 ; Tiley

v. Moyers, 43 Pa. 404; Seabrook v. Moyer, 88 Pa. 417; Allegaert v. Smart, 2 Penny. 320; Brightly's Eq. 628; Pom. Eq. 198; Cobb v. Goodhue, 11 Paige, 110; Bogert v. Bogert, 2 Edw. Ch. 399.

*S. A. Davenport* and *J. G. Sturgeon*, for The Jarecki Manufacturing Co., Ltd., cited: Hammacher v. Wilson, 26 Fed. R. 239; Armstrong v. Hallenback, 3 N. Y. Leg. Ob. 43; Wilson v. Stolly, 5 McLean, 1; Pulte v. Derby, 5 McLean, 336; Ong v. Campbell, 6 Watts, 392; Washabaugh v. Grinnell, 32 Leg. Int. 5; Salmon v. Rance, 3 S. & R. 311; Rodermund v. Clark, 46 N. Y. 354; Morris v. Rexford, 18 N. Y. 552; Meyer v. Clark, 45 N. Y. 285; Sander v. Wood, 3 Johns. Ch. 416; Littlefield v. Brown, 11 Wend. 467; Cook v. Grant, 16 S. & R. 198; Mfg. Co. v. McKee, 77 Pa. 170; McCully v. R. R., 39 Pa. 25; Guiterman v. Landis, 1 W. N. 622; Chapman v. Chapman, 59 Pa. 214; Woodworth v. Cook, 2 Blatch. 151; Foster v. Goldschmidt, 21 Fed. R. 70; Ohio Steel Barb Fence Co. v. Mfg. Co., 26 Fed. R. 702; 1 Pom. Eq. Jur. § 385; 1 Story's Eq. Jur. § 64; Hershey v. Weiting, 50 Pa. 244; Bleakley's Ap., 66 Pa. 191; Martin v. Shoenberger, 8 W. & S. 367; Lewis's Ap., 67 Pa. 153; Weise's Ap., 77 Pa. 351; Rankin v. Simpson, 19 Pa. 471.

JARECKI MFG. CO.'S APPEAL.

PER CURIAM, October 2, 1893:

Upon a very patient and careful examination of the record in this case we are satisfied that justice has been done between the parties by the final decree rendered by the learned court below. We decided the question of jurisdiction when the case was here before, and see no reason to change our opinion. The amendment to the defendant's answer was properly allowed, and the determination of all matters involved in the contention, on their merits of law and fact, was what we intended by our former decision and it has now been accomplished. We are entirely satisfied with the reasons given by the learned court below for holding that the defendant should only be charged with a price or royalty of $25.00, instead of $40.00, per packer, after the plaintiff commenced selling at that price. It would be productive of gross injustice to hold otherwise. We are also

of opinion that the court did perfectly right in holding that the plaintiff should account for all the packers sold by them after they commenced such sales. The minor questions have been correctly and justly decided, and the question of costs has been disposed of with eminent propriety.

The decree of the court below is affirmed.

## CONSOLIDATED OIL WELL PACKER CO.'S APPEAL.

PER CURIAM, October 2, 1893:

The decree of the court below is affirmed.